IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FREDERICK WALTER BARR, )
)
Plaintiff, )
) No. 14 C 0725
v. )
) Jeffrey T. Gilbert
CAROLYN W. COLVIN, ) Magistrate Judge
ACTING COMMISSIONER OF )
SOCIAL SECURITY,[1] )
)
Defendant. )

**MEMORANDUM OPINION AND ORDER**

Claimant Frederick Barr ("Claimant") brings this action under 42 U.S.C. § 405(g) seeking reversal or remand of the decision of Respondent Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1 for all proceedings, including entry of final judgment. ECF No. 9.

This matter is before the Court on the parties' cross-motions for summary judgment. ECF Nos. 15, 19. For the reasons discussed herein, the Commissioner's Motion for Summary Judgment [ECF No. 19] is denied. Claimant's Motion for Summary Judgment [ECF No. 15] is granted, and this matter is remanded to the Social

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted as the Defendant-Respondent in the case. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

Security Administration ("SSA") for further proceedings consistent with this Memorandum Opinion and Order.

## I. PROCEDURAL HISTORY

Claimant filed an application for disability insurance benefits and supplemental security income on March 2, 2011, alleging a disability onset date beginning December 6, 2010. R. 25. The SSA initially denied the application on June 28, 2011, and upon reconsideration on October 11, 2011. R. 25. Claimant filed a timely request for an administrative hearing (R. 25), which was held before Administrative Law Judge ("ALJ") ALJ Melissa Olivero on August 17, 2012. R. 35, 25. Claimant personally appeared and testified at the hearing, and he was represented by counsel. R. 25. Thomas Dunleavy, a vocational expert ("VE"), also testified. *Id.*

The ALJ issued a written decision on September 21, 2012, finding Claimant not disabled under the Social Security Act. R. 35. At step one of the required five-step sequential evaluation process, the ALJ found Claimant had not engaged in substantial gainful activity ("SGA") since the alleged onset date, December 6, 2010. R. 27. At step two, the ALJ found that Claimant had the severe impairments of osteoarthritis of the right knee, glenohumeral joint arthritis of the bilateral shoulders, and obesity. *Id.*

At step three, the ALJ determined that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525 and 404.1526). R. 28. The ALJ determined that Claimant had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that he was unable to climb ladders, ropes, or scaffolds; could only

occasionally climb ramps and stairs, kneel, crouch, or crawl; and was unable to do any overhead reaching with his bilateral upper extremities. R. 28.

At step four, the ALJ found that Claimant was not capable of performing his past relevant work as an electrician or machinist. R. 33. However, the ALJ found that, considering Claimant's age, education, work experience, and RFC, there were significant numbers of jobs in the national economy that Claimant can perform. R. 33. Taking into consideration Claimant's RFC, and additional limitations, the VE testified that Claimant is able to perform the requirements of occupations such as assembler, sorter, and visual inspector. R. 34.

The Social Security Appeals Council denied Claimant's request for review on November 5, 2013, leaving the ALJ's decision as the final decision of the Commissioner. R. 1. Claimant seeks review in this Court pursuant to 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. STANDARD OF REVIEW

In reviewing the Commissioner's decision, the district court may not "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). Rather, a court's review is limited to determining whether the decision is supported by substantial evidence and whether the ALJ applied the correct legal standards. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002).

Even when there is adequate evidence in the record to support the decision, however, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). While the ALJ is not required to address "every piece of evidence or testimony in the record," the analysis "must provide some glimpse into the reasoning behind [the] decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). At a minimum, the ALJ must articulate her analysis "with enough detail and clarity to permit meaningful appellate review." *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005). If the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

### III. ANALYSIS

Claimant argues that this matter should be reversed or remanded because the ALJ's credibility assessment was patently wrong and because the ALJ improperly "played doctor" in order to find Claimant not disabled. ECF No. 15, at 1. After reviewing the parties' briefs and the administrative record, the Court concludes that the ALJ failed to adequately explain how she determined Claimant's RFC, and ultimately substituted her own views of the record for those of medical doctors. Therefore, remand is appropriate.

#### A. The ALJ Failed to Adequately Explain Her RFC Assessment

Claimant argues that the ALJ's RFC determination was not supported by substantial evidence because she improperly played doctor, substituting her own opinion of the evidence for that of medical experts. ECF No. 15, at 1. This Court agrees and finds additional flaws with the ALJ's RFC assessment.

It is well established that an ALJ must not substitute her own judgment for a physician's opinion without relying on other medical evidence or authority in the record. *Rohan v. Chater*, 98 F.3d 966, 968 (7th Cir. 1996); *Buechele v. Colvin*, 2013 WL 1200611, at *11 (N.D. Ill. Mar. 25, 2013). In assessing the RFC, the ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence . . . ." *Jarrette v. Colvin*, 2014 WL 1560331, at *13 (N.D. Ill. Apr. 18, 2014) (citing SSR 96-8p). An ALJ adequately discusses his RFC determination "by analyzing the objective medical evidence, the claimant's testimony and credibility . . . and other evidence. *Id.*, (citing *Knox v. Astrue*, 327 Fed. App'x. 652, 657-58 (7th Cir. 2009)).

In June 2011, Claimant was referred to state agency doctors, M.S. Patil, M.D., and Bharati Jhaveri, M.D., for a consultative exam. R. 363. Dr. Patil found that Claimant's right knee x-ray revealed medial joint space narrowing with subchondral sclerosis and osteophyte formation, several patellofemoral and degenerative osteophyte formation, mild osteopenia, and small joint effusion. R. 366-367. Based on those findings, Dr. Jhaveri concluded that Claimant could engage in work at the light exertional level because he was able to occasionally lift 20 pounds, frequently lift 10 pounds, stand or walk 6 hours in and 8-hour workday, sit 6 hours in an 8-hour workday, push or pull without restriction, and occasionally climb, kneel, crouch, and crawl. R. 370-371.

The ALJ gave "less than great weight" to the state agency doctors' RFC assessment because, as consulting physicians, they did not have the opportunity "to examine the claimant, listen to his testimony, or view the entire medical evidence." R. 32. Accordingly, the ALJ reduced Claimant's RFC from light exertional work, as

5

recommended by the state agency doctors, to sedentary work because it "better accommodates the claimant's severe arthritis in right knee with treatment records later supporting some difficulty with ambulation." *Id.* The ALJ departed further from the state agency doctors' RFC assessment by restricting Claimant from "occasional" to "no" bilateral overhead reaching. *Id.*

The ALJ's RFC determination is flawed for several reasons. First, the ALJ did not adequately explain how she reached the determination that Claimant can perform sedentary work. While the ALJ provided legitimate reasons for not giving full weight to the state agency doctors' opinions, that explanation alone does not help the Court understand how and why the ALJ reached an RFC determination that was different from that reached by the state agency doctors. Rather than citing to specific evidence in the record to support her determination that Claimant can perform sedentary work and explaining its relevance to her assessment, the ALJ simply concluded that her RFC determination was "supported by the medical findings, nature and frequency of treatment, claimant's activities, work history and medical opinions on record." R. 33. This is insufficient, as it fails to build an accurate and logical bridge from the evidence to the conclusion. *Jarrette v. Colvin*, 2014 WL 1560331, at *13 (N.D. Ill. Apr. 18, 2014) (remanding in part because the ALJ failed to build an accurate and logical bridge between the relevant evidence and his RFC determination). We are left with a situation in which the ALJ discounted the consulting physician's opinion and then made her own RFC determination without citing to substantial record evidence to support that determination.

Second, in reaching her own RFC determination, the only medical evidence to which the ALJ cited is evidence she later dismisses. R. 32. After rejecting the state

6

agency doctors' RFC, the ALJ turned to the medical opinion of Mark Bordick, Physician's Assistant. *Id.* Mr. Bordick found that x-rays of Claimant's right knee revealed severe arthritic change and bone on bone deformity, which limit his ability to walk due to pain. R. 445-446. The ALJ cited to Mr. Bordick's opinion as justification for making Claimant's RFC more restrictive. R. 32. However, the ALJ afforded Mr. Bordick's opinion "little weight" because no doctor signed or approved his findings and because his opinion failed to provide any "specific functional limitations." *Id.* The ALJ, therefore, appears to have based her assessment of Claimant's RFC on evidence that she determined was entitled to "little weight." *Id.* Again, the ALJ failed to build an accurate and logical bridge from the evidence to her conclusion.

Third, as Claimant points out, it seems that the ALJ's RFC assessment was based on her own interpretation of the evidence. Since the ALJ did not adopt the RFC assessment of the state agency doctors, and discounted the only other medical opinion she specifically addressed, the Court does not know how the ALJ reached her RFC determination unless she based it on her own evaluation of the evidence. The ALJ may not independently evaluate the evidence and substitute her judgment for that of the doctors. *Rohan*, 98 F.3d at 970. Without further analysis and explanation, the Court concludes the ALJ improperly based her RFC determination on her independent evaluation of the medical evidence. The Court wishes to stress that it cannot, and does not, conclude here that the ALJ's RFC determination was wrong, or that Claimant is disabled and entitled to benefits. Rather, the Court concludes that the ALJ's analysis was not sufficiently articulated, and therefore, cannot be affirmed. *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2001). As such, remand is appropriate.

**B. On Remand, the ALJ Should Revisit the Issue of Claimant's Credibility**

An ALJ is in the best position to determine the credibility of witnesses, and this Court reviews that determination deferentially. *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008). The ALJ has the discretion to discount testimony on the basis of evidence in the record. *Id.* The ALJ must consider the entire case record in determining credibility, and may not reject statements about the intensity or persistence of symptoms or about the effect of symptoms on functioning simply because they are not substantiated by objective medical evidence. SSR 96-7p. An ALJ's credibility determination will be upheld if it articulates specific reasons for the finding, and is supported by substantial evidence. *Myles v. Astrue*, 582 F.3d 672, 676 (7th Cir. 2009) (citing *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009)).

The ALJ found that Claimant's statements concerning the intensity, persistence and limiting effects of his symptoms were "not credible to the extent they were inconsistent with the RFC assessment." R. 31. The ALJ attempts to support her credibility determination by addressing the following factors: objective medical evidence, medical treatment, medications taken, activities of daily living, and work history. R. 31. The Seventh Circuit has found the consideration and explanation of such factors sufficient to support a credibility determination. *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006). However, in the instant case, the ALJ either did not genuinely consider the entire record or did not properly articulate her analysis of the record. Either way, greater elaboration is needed before the ALJ's credibility finding can be sustained.

In supporting her credibility determination, the ALJ pointed out that Claimant does not take prescription medication for his pain, and has had only limited and

8

conservative treatment since the alleged onset date of disability. R. 31. While this is true, an ALJ must explore whether a claimant has good reasons for not seeking medical care or failing to consistently follow a treatment plan before drawing a negative credibility inference. *Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012). Such good reasons include the inability to afford treatment and the ineffectiveness of further treatment. *Id.* Here, Claimant alleges he needs a knee replacement, but he does not have the income or health insurance to obtain one. R. 49, ECF No. 15, at 9. If Claimant cannot afford the major surgery he needs, and low cost clinics do not perform such operations, the ALJ should not have drawn a negative inference from the fact that Claimant was not seeking treatment that would be ineffective. The ALJ disbelieved that Claimant has financial constraints because, according to the ALJ, Claimant had not "taken advantage of free or low cost care." R. 31. This is untrue. It is clear from the record that Claimant seeks low cost care and pain treatment when he can afford it. R. 319, 354, 386, 425.

The ALJ further surmised that if Claimant truly had disabling knee pain, he would have gone to the emergency room as he had done in the past for kidney stones. R. 31-32. This reasoning is not supported. Pain that merits a knee replacement and kidney stones are not comparable conditions. No matter how much pain Claimant endures, he cannot obtain a knee replacement in an emergency room. As emergency room care would not have been effective to treat Claimant's condition, Claimant had good reason to forego seeking such care.

The ALJ also found that Claimant's daily activities were inconsistent with his allegations of pain and disability. R. 32. In this portion of the analysis, the ALJ recited

9

that Claimant is able to walk, take care of his personal hygiene, drive, shop, watch TV, and play video games. *Id.* The mere listing of daily activities, however, does not establish that a claimant does not suffer disabling pain, and is capable of engaging in substantial gainful employment. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). As the ALJ offers no substantive analysis to explain why Claimant's daily activities are inconsistent with his allegations of pain, further elaboration of such evidence is needed before the ALJ's credibility determination can be sustained.

## IV. CONCLUSION

For the reasons set forth above, Claimant's Motion for Summary Judgment [ECF No. 15] is granted, and the Commissioner's Motion [ECF No. 19] is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with the Court's Memorandum Opinion and Order.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: October 28, 2015